# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL OLIVER, JR., individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) CASE NO.:<br>) |
| v. | ) CLASS ACTION<br>) |
| PEACH STATE FEDERAL CREDIT UNION f/k/a GWINNETT FEDERAL CREDIT UNION, | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |
| Defendant. | |

## CLASS ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1. Plaintiff Michael Oliver, Jr., individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendant Peach State Federal Credit Union f/k/a Gwinnett Federal Credit Union ("Peach State"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### II.   NATURE OF THE CASE

2. This is a consumer class action based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Plaintiff brings

1

this action on behalf of hundreds, if not thousands, of employment applicants who have been the subject of Defendant's illegal practices under the Fair Credit Reporting Act.

3. Congress created heightened standards regulating the use of consumer reports for employment purposes. 15 U.S.C. § 1681b(b)(3). Under the FCRA, a person using a consumer report for employment purposes who intends to take any adverse employment action based in whole or in part on the report must provide the consumer with a "copy of the report" and a written description of the consumer's rights under the FCRA, before taking such adverse action. *Id.* As the Federal Trade Commission has made clear, "a copy of the complete report must be made available." Federal Trade Commission Advisory Opinion to Willner, dated March 25, 1999.

4. This is one of the most fundamental protections afforded to employees under the FCRA. The purpose of this requirement is to allow prospective and current employees to know the complete personal information that is being reported about them, and to allow them an opportunity to clear up any inaccuracies or misstatements in the report and to address any misunderstandings the report may have created for the employer before the employer receives a supposedly "verified" report from a third-party agency. For this reason, the FCRA is designed to provide employees/applicants with ample time to identify inaccuracies or misunderstandings

in their consumer reports and correct or explain them before the employer has made an employment decision.

5. When an employer fails to comply with Section 1681b(b)(3), it causes a consumer to suffer a particularized and concrete injury in that they are deprived of their right to information before being denied employment. *See O'Donnell v. RCO Legal, P.S., Inc.*, No. 1:17-CV-02072-ELR, 2018 WL 1871946, at *4 (N.D. Ga. Mar. 22, 2018) (finding that plaintiff has Article III standing in Section 1681b(b)(3) case where defendant deprived plaintiff of her right to information before rescinding offer, even where information in consumer report is accurate).

6. Defendant systematically violates Section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment action without, beforehand, proving the person who is the subject of the report sufficient and timely notification and a copy of the complete report and summary of rights under the FCRA. Defendant's failure leaves the person who is the subject of the report without any meaningful opportunity to review the complete information that is being reported about them and to correct any errors on the report.

### III. JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## IV. PARTIES

9. Plaintiff is an adult individual who resides in Lawrenceville, Georgia.

10. Defendant regularly conducts business in this division and district, and its corporate office is located in Lawrenceville, Georgia.

## V. FACTUAL ALLEGATIONS

### A. Defendant's Use of Background Screening Reports

11. Defendant conducts background checks on applicants for employment.

12. Under the FCRA, a "user" of a consumer report, such as Defendant, who intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer job applicant, and must include with the notice "a copy of the report" and a notice of the consumer's dispute rights under the FCRA before taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).

13. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the consumer job applicant that he is about to experience an adverse action, such as a rejection, based on a report's contents, and to provide him an opportunity to challenge the accuracy, completeness or relevancy of the information with the consumer reporting agency or the user before that job or job prospect is lost.

14. But Defendant, when it intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report, does not provide notice of that fact to the consumer job applicant, and does not include with the notice a copy of the complete consumer report and a notice of the consumer's dispute rights under the FCRA before taking the adverse action.

**B.    The Experience of Plaintiff**

15. On August 14, 2020, Defendant confirmed with Mr. Oliver that he had accepted a Help Desk Support Specialist position in its Lawrenceville, Georgia corporate office.  It informed Mr. Oliver that his start date was August 18th and that his employment was contingent on the background check.

16. Mr. Oliver authorized Defendant to obtain a consumer report on him.

17. On or about August 18, 2020, Defendant obtained a consumer report on Mr. Oliver from Vericon Resources, a consumer reporting agency.

18. On August 18, 2020, Defendant emailed Mr. Oliver:

> as per the e-mail sent to you on 8/18/2020 (below), your job offer was based on a satisfactory background check.
>
> You were scheduled to begin employment with PSFCU tomorrow, 8/19.  However, due to the results of the background check, we are rescinding our job offer.

19. When it rescinded Mr. Oliver's job offer, Defendant had not provided Mr. Oliver with a copy of the consumer report and a written description of his rights under the FCRA, before taking such adverse action.

20. Nor had Defendant provided Mr. Oliver with an opportunity to dispute the information in the consumer report before taking the adverse action.

21. Defendant's failure to comply with Section 1681b(b)(3) was devastating for Mr. Oliver. When he received the consumer report days later directly from Vericon Resources, he discovered that the consumer report contained inaccurate information that made him appear to have a criminal record that did not belong to him.

## VI.   CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

**The Pre-Adverse Action Class:**

All natural persons residing within the United States and its Territories about whom, (i) beginning five years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) were the subject of a consumer report used by Peach State Federal Credit Union f/k/a Gwinnett Federal Credit Union for employment purposes; (iii) were the subject of an adverse action by Peach State Federal Credit Union f/k/a Gwinnett Federal Credit Union based in whole or in part based on a consumer report, and (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA.

23. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

24. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant

makes employment decisions on tens, if not hundreds, of consumers each year based on their consumer reports, and those persons' names and addresses are identifiable through documents maintained by Defendant.

25. **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members.  The common legal and factual questions include, among others, whether Defendant willfully violated section 1681b(b)(3) of the FCRA.

26. **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

27. **Adequacy.   FED. R. CIV. P. 23(a)(4).**   Plaintiff is an adequate representative of the Class.  His interests are aligned with and not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

28. **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting

only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII.   CAUSES OF ACTION

### COUNT I

### 15 U.S.C. § 1681b(b)(3)

99.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

100. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

101. Defendant is a "person" and regularly uses background reports for employment purposes. 15 U.S.C. § 1681a(b).

102. The reports ordered by Defendant are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

103. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a complete "copy of the report" and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking any such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

104. For purposes of this requirement, an "adverse action" includes "any … decision … that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

105. The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

106. Defendant willfully violated section 1681b(b)(3) of the FCRA by failing to provide consumers, including Plaintiff, the following *before* using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the complete consumer report; and (c) a written description of the consumer's rights under the FCRA.

107. As a result of Defendant's willful violation of section 1681b(b)(3) of the FCRA, Plaintiff and Class Members are entitled to statutory damages of between $100 and $1,000, as well as punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

108. Plaintiff is entitled to recover attorneys' fees pursuant to 15 U.S.C. §1681n(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorney's fees and costs; and

E. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: September 16, 2020

**WEINER & SAND LLC**

By: /s/ Andrew Weiner
Jeffrey B. Sand
GA Bar No. 181568
Andrew L. Weiner
GA Bar No. 808278
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
T: 404.205.5029
T: 404.254.0842
F: 866.800.1482
E: aw@atlantaemployeelawyer.com
E: js@atlantaemployeelawyer.com

*Attorneys for Plaintiff*